I concur specially. I concur because I agree the case should be affirmed. However, it is my belief that the case can be disposed of entirely without the need to preserve it for possible postconviction relief proceedings.
I agree with the State's contention that Taylor failed to preserve error. He initially raised the issue before the district court on December 8, 2004. The district court did inquire into the representation issue at that time. The court heard statements from Taylor and his attorney. The court then instructed Taylor to prepare a list of complaints and instructed his attorney to draft a document that would be presented to the court. The judge further took action in continuing the trial date to accommodate the making of the list and further hearing on the matter.
I would hold that the actions of the district court were proper and meet the requirements of State v. Tejeda, 677 N.W.2d 744,750 (Iowa 2004). Following the court hearing on December 8, 2004, Taylor did not submit such a list to the court and further appeared for his bench trial on February 15, 2005, without mention of the representation issue. It is a fair inference that the representation issue resolved itself prior to trial. In any event, I would hold that the district court acted properly on December 8, 2004, and that Taylor failed to preserve error on this issue.